**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**VINCENT LEE WALKER,**

                        **Plaintiff,**

           **v.**                                              **CASE NO. 20-3118-SAC**

**STATE OF KANSAS, et al.,**

                        **Defendants.**

**NOTICE AND ORDER TO SHOW CAUSE**

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a prisoner held in the Douglas County Jail, proceeds pro se and seeks leave to proceed in forma pauperis.

**The motion to proceed in forma pauperis**

This motion is governed by 28 U.S.C. § 1915(b). Because plaintiff is a prisoner, he must pay the full filing fee in installment payments taken from his prison trust account when he "brings a civil action or files an appeal in forma pauperis[.]" § 1915(b)(1). Pursuant to § 1915(b)(1), the court must assess, and collect when funds exist, an initial partial filing fee calculated upon the greater of (1) the average monthly deposit in his account or (2) the average monthly balance in the account for the six-month period preceding the filing of the complaint. Thereafter, the plaintiff must make monthly payments of twenty percent of the preceding month's income in his institutional account. § 1915(b)(2). However, a prisoner shall not be prohibited from bringing a civil action or appeal because he has no means to pay the initial partial filing fee. § 1915(b)(4).

On April 22, 2020, the clerk of the court entered a notice of deficiency directing plaintiff to submit a certified financial

statement in support of his motion for leave to proceed in forma pauperis. Upon plaintiff's submission of the financial statement, the Court will calculate the initial partial filing fee.

### Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however, true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not

accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (citing *Twombly* at 1974).

## Nature of the complaint

Plaintiff sues the State of Kansas and two officers with the Lawrence Police Department. The complaint asserts that the two officers gave false testimony during a preliminary hearing, stating that plaintiff had grabbed an officer's gun and taser during a traffic

stop. Plaintiff denies this but states he later entered a guilty plea to the charges.

In Count 1 of the complaint, plaintiff alleges a violation of the Eighth Amendment, claiming he has been wrongfully incarcerated for over a year due to false allegations. In the supporting facts, he states that one of the officers tased him in the back on another occasion, requiring medical attention, but he does not explain whether or how this is related to his claim of wrongful incarceration. In Count 2, he claims his attorney refused to allow him to have access to discovery, including video and recordings; plaintiff characterizes this refusal as a suppression of evidence. In Count 3, plaintiff states that he cooperated during the traffic stop and is incarcerated only because the defendants lied. As relief, plaintiff seeks release on probation and compensation for false imprisonment.

## Discussion

*Relief from confinement*

Plaintiff's claims challenging his conviction and seeking release from confinement must be presented in a habeas corpus action rather than a civil rights complaint. A petition for habeas corpus relief is the exclusive remedy for a state prisoner to challenge the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973). Therefore, any claims concerning the validity of plaintiff's conviction or confinement must be dismissed from this action.

*Claim against the State of Kansas*

Although the complaint appears to name the State of Kansas as a defendant, it does not contain any specific claim against the State.

The State of Kansas and its agencies are absolutely immune from suits for money damages under the Eleventh Amendment. The Eleventh Amendment presents a jurisdictional bar to suits against a state and "arms of the state" unless the state waives its immunity. *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (quoting *Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009)). Because plaintiff has neither made a specific claim against the State of Kansas nor shown any waiver of immunity from suit, he must show cause why this defendant should not be dismissed from this action.

*Defendant police officers*

Plaintiff's claim against the defendant police officers alleges they gave false testimony at his preliminary hearing. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that, when a state prisoner seeks damages in an action under 42 U.S.C. 1983 on a claim related to his conviction or sentence, the district court must consider wither a judgement in favor of the plaintiff would necessarily imply the invalidity of the conviction or sentence. *Heck*, 512 U.S. at 487. If it would, the complaint must be dismissed unless the plaintiff shows that the conviction or sentence has been invalidated. *Id*. *See also Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (explaining that *Heck* applies "no matter the relief sought (damages or equitable relief)"). Because plaintiff does not argue that his conviction has been reversed or otherwise invalidated, his claim

against the defendant officers concerning their testimony is subject to dismissal.

*Claim against defense attorney*

Plaintiff complains that his defense attorney did not allow him to see certain evidence against him. However, a criminal defense attorney, whether a public defender or a private attorney appointed or retained to represent a defendant, is not a state actor subject to liability under Section 1983. "[T]he Supreme Court has stated that 'a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'" *Garza v. Bandy*, 293 F. App'x 565, 566 (10th Cir. 2008)(unpublished)(quoting *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)). For this reason, plaintiff's claim concerning his defense attorney also is subject to dismissal.

### Order to Show Cause

For the reasons set forth, the Court orders plaintiff to show cause why this matter should not be dismissed for failure to state a claim for relief. The dismissal of this matter will not prevent plaintiff from pursuing relief from his conviction in habeas corpus after he exhausts state court remedies.

IT IS, THEREFORE, BY THE COURT ORDERED that on or before **June 5, 2020,** plaintiff shall show cause why this matter should not be dismissed for the reasons discussed herein. The failure to file a timely response may result in the dismissal of this matter without additional prior notice.

**IT IS SO ORDERED.**

DATED:  This 13th day of May, 2020, at Topeka, Kansas.

>                          S/ Sam A. Crow
>                          SAM A. CROW
>                          U.S. Senior District Judge